# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

BRIAN WHITEHOUSE, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

NAVAJO MANUFACTURING COMPANY, INC.,

    Defendant.

_____

## COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND
_____

Plaintiff Brian Whitehouse ("Plaintiff"), on behalf of himself and all others similarly situated, through counsel, Lewis Kuhn Swan PC, complains as follows:

## NATURE OF THIS ACTION

1. This action is brought on behalf of all inside sales employees (collectively, "Sales Representatives") employed by Navajo Manufacturing Company, Inc. ("Navajo") within the United States within the applicable statute of limitations. This case is brought as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA") and as a class action under Fed. R. Civ. P. 23.

2. Plaintiff alleges that Navajo violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the applicable Colorado Minimum Wage Order ("Colorado Wage Order"), 7 Colo. C. Reg. § 1103-1, by failing to pay Sales Representatives (i) overtime for all hours worked; and (ii) overtime compensation at the proper regular rates of pay.

## JURISDICTION AND VENUE

3.     This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim under 29 U.S.C. § 216(b).

4.     This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because the state law claim is so related to the FLSA claim that it forms part of the same case or controversy.

5.     Navajo is subject to personal jurisdiction in Colorado because it conducts substantial business in this state and the acts and omissions alleged herein occurred in this State.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

7.     Plaintiff is an individual who is domiciled and resides in Colorado Springs, Colorado.

8.     Navajo is a Colorado corporation and maintains its principal place of business in Denver, Colorado.

## COLLECTIVE ACTION ALLEGATIONS

9.     Plaintiff seeks to prosecute the FLSA claim as an "opt-in" collective action on behalf of all persons who are or were employed by Navajo as Sales Representatives (regardless of specific title) in the United States at any time in the last three (3) years through the date of entry of judgment in this case and who were not paid overtime for all hours worked, or at an appropriate rate of pay for hours worked, in excess of forty in a workweek (the "Collective").

10.     Plaintiff will fairly and adequately protect the interests of the members of the collective and has retained counsel who are experienced and competent in the fields of wage and hour law and class/collective action litigation. Plaintiff has no interest contrary to or in conflict with the members of this collective action.

11.     The members of the collective are similarly situated because, among other things, they were all victims of the same company-wide policies and procedures that failed to pay them all the wages to which they are entitled under the FLSA.

## CLASS ACTION ALLEGATIONS

12.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure based on Navajo's violation of the Colorado Wage Order, 7 Colo. C. Reg. § 1103-1.

13.     Plaintiff brings his Colorado state law claim on behalf of all persons who were employed by Navajo in Colorado at any time in the last three (3) years through the date of the entry of judgment in this case who hold or held the position of Sales Representative (regardless of specific title) and who were not paid overtime for all hours worked, or at an appropriate rate of pay for hours worked, in excess of forty in a workweek or twelve hours in a work day (the "Colorado Class")

14.     The members of the Colorado Class are so numerous that joinder of them is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Navajo, upon information and belief, there are at least thirty (30) members of the Colorado Class.

15. Plaintiff's claims are typical of the claims of the members of the Colorado Class. Plaintiff performed the same or substantially similar job as the members of the Colorado Class; Navajo paid Plaintiff and the members of the Colorado Class pursuant to the same policies and procedures; and Plaintiff and the members of the Colorado Class were victims of the same wrongful conduct engaged in by Navajo in violation of the Colorado Wage Order.

16. The class action mechanism is superior to any alternatives which might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which plaintiffs can effectively litigate against, on information and belief, a well-capitalized corporate defendant. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Navajo's conduct.

17. Navajo has acted or refused to act on grounds generally applicable to the Colorado Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Colorado Class as a whole.

18. Plaintiff is committed to pursuing this action and has retained competent counsel who are experienced in wage and hour law and class/collective action litigation.

19. Plaintiff will fairly and adequately protect the interests of the members of the Colorado Classes.

20. There are questions of law and fact common to the Colorado Class which predominate over any questions solely affecting the individual members of the Colorado Class, including but not limited to:

    a) whether Navajo employed the members of the Colorado Class within the meaning of the Colorado Wage Order;

    b) whether Navajo's policies and practices described within this Complaint are illegal;

    c) whether Navajo paid the members of the Colorado Class for all hours worked;

    d) whether Navajo properly calculated the number of overtime hours payable to the members of the Colorado Class based on their work beyond forty hours in a workweek or twelve hours in a workday;

    e) whether the overtime rates paid to the members of the Colorado Class were those required by law;

    f) what proof of hours worked is sufficient where employers fail in their duty to maintain accurate time records; and,

    g) whether Navajo is liable for all damages claimed hereunder.

## STATEMENT OF FACTS

21. Plaintiff began his employment with Navajo as a Sales Representative on or about March 19, 2018 and left his employ in or about December 2018.

22. At all times relevant hereto, Plaintiff was employed by Navajo as a Sales Representative. The primary job duty of Sales Representatives is making sales calls by telephone from call centers.

23. Navajo pays its Sales Representatives a base salary plus commissions and bonuses.

24. Sales Representatives are non-exempt under the FLSA and the Colorado Wage Order. Sales Representatives, including Plaintiff, do not manage Navajo's business, do not have the authority to hire and fire employees, and do not exercise discretion and independent judgment with respect to matter of significance.

25. Navajo misclassified Plaintiff as exempt from the overtime requirements of the FLSA and the Colorado Minimum Wage Order. Navajo did, however, pay certain Sales Representatives overtime compensation, albeit at the improper regular rate of pay.

26. Plaintiff regularly worked more than forty (40) hours per workweek. In a typical workweek, Plaintiff worked at least forty-five (45) hours and sometimes over sixty (60).

27. Other Sales Representatives likewise worked over forty (40) hours in a number of workweeks.

28. Navajo did not pay Plaintiff overtime compensation for the hours he worked over forty (40) in any single workweek or twelve (12) in any single workday.

29. For those Sales Representatives to whom Navajo actually paid overtime compensation it paid them at the incorrect regular rate of pay by failing to include all earned commissions and non-discretionary bonuses.

30. Additionally, Navajo frequently required its Sales Representatives to work "off the clock" through their lunch breaks.

31. Throughout all relevant time periods, Navajo failed to maintain accurate and sufficient time records and endeavored to maintain opacity in its pay practices.

32. Plaintiff frequently complained about his pay, including Navajo's failure to pay minimum wage and overtime compensation to which Plaintiff was entitled.

33. Navajo's violations of the FLSA and the Colorado Wage Order are willful.

## FIRST CLAIM FOR RELIEF
### Collective Action under the Fair Labor Standards Act

34. All preceding paragraphs are incorporated.

35. At all relevant times, Navajo has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

36. At all relevant times, Navajo employed and/or continue to employ each of the members of the Collective within the meaning of the FLSA.

37. At all relevant times, on information and belief, Navajo has had gross annual revenues exceeding $500,000.

38. At all relevant times, Navajo had a uniform policy and practice of failing to pay Sales Representatives for all hours worked, of failing to compensate them at the appropriate minimum wage, and of failing to pay overtime compensation for all overtime hours at one-and-one-half their respective proper regular rates of pay.

39. As a result of Navajo's willful failure to properly compensate its employees, including Plaintiff and the Collective members, Navajo has violated, and continues to violate, the FLSA.

40. Navajo has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA.

41. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

42. Due to Navajo's FLSA violations, Plaintiff and the Collective members are entitled to recover from Navajo unpaid minimum wages, unpaid overtime compensation, actual and liquidated damages, including Navajo's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### Class Action under the Colorado Minimum Wage Order

43. All preceding paragraphs are incorporated.

44. At all relevant times, Plaintiff and the members of the Colorado Class were employed by Navajo within the meaning of the Colorado Wage Order.

45. Navajo is covered under the Colorado Wage Order as it is a retail and service entity.

46. Navajo violated the Colorado Wage Order by failing to pay service technicians for all hours worked at the minimum wage prescribed by the Colorado Wage Order, by failing to properly calculate overtime hours, and by failing to pay overtime compensation at the rates required.

47. Plaintiff and the members of the Colorado Class are entitled to recover from Navajo minimum wage for all hours worked, overtime compensation at the appropriate premium for hours worked over forty in a workweek or twelve in a work day, any statutory penalties, including the employer's share of FICA, FUTA, state unemployment insurance, and any other

required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to the Colorado Wage Order.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other members of the Collectives and the Colorado Class, respectfully requests that this Court grant the following relief:

a) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and/or (3) on behalf of members of the Colorado Class and appointing Plaintiff and his counsel to represent the Colorado Class;

b) Designation of this action as a collective action on behalf of the members of the Collective and for prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

c) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Colorado Wage Order;

d) An injunction requiring Navajo to cease its unlawful practices under, and to comply with, the Colorado Wage Order;

e) An award of overtime compensation due under the FLSA and the Colorado Wage Order;

f) An award of liquidated and/or punitive damages as a result of the Navajo's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g) An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h) An award of pre-judgment and post-judgment interest;

i) An award of costs and expenses of this action together with reasonable attorneys' and expert witness fees; and

j) Such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all causes of action and claims with respect to which he and all members of the proposed Collective and Colorado Class have a right to jury trial.

Respectfully submitted this 15th day of May, 2019.

/s/ Michael D. Kuhn
Paul F. Lewis
Michael D. Kuhn
Andrew E. Swan
LEWIS | KUHN | SWAN PC
620 North Tejon Street, Suite 101
Colorado Springs, CO 80903
Telephone:  (719) 694-3000
Facsimile:   (866) 515-8628
plewis@lks.law
mkuhn@lks.law
aswan@lks.law

*Attorneys for Plaintiff*